HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FREDERICK EDWARD WALKER,

                  Plaintiff,

     v.

CITY OF RENTON, et al.,

                  Defendants.

CASE NO. C11-2114 RAJ

ORDER

This matter comes before the court on a motion for partial summary judgment by defendants Aaron Hisel, Clarence Tolliver, and John Doe.[1]  Dkt # 14.  Defendants argue that plaintiff failed to properly serve the individual defendants under Rule 4, and therefore the court lacks personal jurisdiction over them.  Plaintiff argues that Officer Tolliver was properly served by leaving the summons and complaint with a Commander of the Renton police department, and that plaintiff was told that Hisel had moved to Tennessee and his whereabouts were not disclosed.

When a person is subject to suit in his or her individual and official capacities, the individual must be properly served in their individual capacity pursuant to Rule 4(e).  *See*

---

[1] Plaintiff concedes that John Doe may be dismissed.  Accordingly, the court GRANTS the motion with respect to John Doe.

1    *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988) ("Rule 4 has generally been

2    construed to mean that service at a defendant's place of employment is insufficient."

3    "More specifically, where money damages are sought through a *Bivens* claim, personal

4    service, and not service at the place of employment, is necessary . . . ."). Rule 4(e)

5    requires service on an "individual" by following state law for serving a summons and

6    complaint, or by personal service, service at an individual's home, or by delivering a

7    copy to an agent authorized by appointment or by law to receive service of process. Fed.

8    R. Civ. Proc. 4(e).

9          It is undisputed that Officer Hisel was not served in accordance with Rule 4(e). It

10   is also undisputed that Officer Tolliver was not served in accordance with Rule 4(e)

11   where the police officer who was served with the summons and complaint was not an

12   authorized agent by appointment or by law to receive service of process. Nevertheless,

13   plaintiff argues that the court should grant him an extension pursuant to Rule 4(m) so that

14   he may accomplish service.

15         Rule 4(m), as amended in 1993, requires a district court to grant an extension of

16   time when the plaintiff shows good cause for the delay. *Efaw v. Williams*, 473 F.3d

17   1038, 1040 (9th Cir. 2007).[2]  Absent good cause, district courts have broad discretion to

18   extend time for service under Rule 4(m), even after the 120-day period has expired. *Id.* at

19   1041. However, this discretion is not limitless. *Id.* Courts may look to factors such as

20   the delay in service, the explanation for the delay, whether defendant attempted to evade

21   service or had contributed to the delay, and whether defendant would be prejudiced. *See*

22   *id.*

23         Plaintiff has not provided the court with any explanation as to what steps were

24   taken to attempt to locate and serve Hisel, or otherwise explain the delay. Speculation as

25   _____

26         [2] It is unclear to the court why defendants repeatedly cited non-Ninth Circuit authority for
     basic issues of law. Only the Supreme Court and Ninth Circuit authorities are binding on this

27   court on the procedural issues presented.

1    to his whereabouts is not evidence that he evaded service or contributed to delay where

2    counsel for plaintiff has not provided any explanation for the steps he took to attempt to

3    effectuate service.  It is plaintiff's responsibility to properly serve defendants, not counsel

4    for defendant's responsibility to accept waiver of service.  This case was filed on

5    December 16, 2011.  The court granted two motions for extension of time to serve

6    summons and complaint on Hisel.  Plaintiff had until June 15, 2012 to effectuate service,

7    and failed to do so.  Under these circumstances, the court declines to exercise its

8    discretion to grant another extension nearly one year after the extended deadline for

9    service on Officer Hisel in his individual capacity.

10         With respect to Officer Tolliver, the process server's notes indicate that Officer

11   Vanvaley agreed to accept and was authorized to accept service on behalf of defendant

12   Tolliver on May 4, 2012.  It is undisputed that Officer Tolliver received the summons and

13   complaint, had notice of the action, and defendants never filed a Rule 12 motion either on

14   grounds of personal jurisdiction or insufficiency of service of process.[3]  Given the

15   information plaintiff received at the time of service, the fact that Officer Tolliver appears

16   to have been involved in his defense since at least June 4, 2012 when the answer was

17   filed, and the fact that Officer Tolliver has not demonstrated that he would be prejudiced,

18   the court finds a short continuance to effect personal service pursuant to Rule 4(m) is

19   warranted.  Plaintiff must serve Officer Tolliver within 14 days of this order in

20   accordance with Rule 4(e).

21         For all the foregoing reasons, the court GRANTS in part and DENIES in part

22   defendants' motion for partial summary judgment.  Plaintiff's claims against defendant

23   Hisel in his individual capacity are DISMISSED.

24   _____

25        [3] Although improper service is raised as an affirmative defense for the individual officers,
26   lack of personal jurisdiction is not.  The parties have not briefed whether defendants waived their
     personal jurisdiction defense by failing to raise it in their responsive pleadings (Fed. R. Civ.
27   Proc. 12(h)), and the court declines to address this issue at this time.

ORDER - 3

1    Dated this 22nd day of May, 2013.

2

3

4    _____

5    The Honorable Richard A. Jones
     United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER - 4