HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FREDERICK EDWARD WALKER,

    Plaintiff,

  v.

CITY OF RENTON, et al.,

    Defendants.

CASE NO. C11-2114 RAJ

ORDER

This matter comes before the court on the parties' motions *in limine*. Dkt. ## 57, 60. As a preliminary matter, the court has limited time at the pretrial conference to address the motions or the court's order to show cause to plaintiff and his counsel. If time remains at the pretrial conference, the court will address the order to show cause, otherwise the court will schedule another hearing.

The court notes that the findings and conclusions regarding the motions *in limine*, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. Subject to these principles, the court rules as follows for the guidance of the parties:

# I. DEFENDANTS' MOTIONS *IN LIMINE*

## A. Motion to Exclude Damages Evidence

Defendants provide two grounds for their motion to exclude damages evidence: (1) Plaintiff needs expert testimony to prove a causal connection between the incident and the claimed injury, disability, and wage loss; and (2) plaintiff's failure to disclose damages experts and computations with supporting documents precludes his claim. Defendants argue that since Walker had significant preexisting injuries from a motorcycle accident, he should not be allowed to testify as to any permanent or even short-term injuries.

Plaintiff argues that (1) he does not intend to offer testimony or medical records of permanent injuries or disability arising from this incident; (2) lay testimony of Walker's mental and emotional injury is admissible to prove damages without an expert; (3) lay testimony of Walker's physical injury is admissible to prove damages without an expert; and (4) there was no failure to disclose non-existent experts.

Since plaintiff concedes that he will not offer evidence of permanent injuries or disability arising from the incident or provide expert testimony, the court DENIES as MOOT the motion with respect to permanent injuries and expert testimony. It is unclear to the court whether plaintiff intends to offer medical records, bills, treatment, or wage loss evidence that defendants contend were not produced during discovery. To the extent that this evidence has not been produced to defendants in discovery, the motion is GRANTED. The court expects defendants to object to any such evidence, and the onus is on plaintiff to demonstrate that it was produced in discovery.

With respect to lay testimony, a lay witness may testify in the form of an opinion if it is "rationally based on the witness's perception"; "helpful to clearly understanding the witness's testimony or determining a fact in issue"; and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Additionally, expert testimony is not required where special expertise is not

required to enable a jury to make a causal inference. *Claar v. Burlington N. R.R Co.*, 29 F.3d 499, 504 (9th Cir. 1994).

Here, information that is based on plaintiff's own personal knowledge and perceptions would include what plaintiff felt and experienced during and following the incident, what he did in response to those physical or emotional symptoms, what he communicated to his doctors, how the injuries impacted his life, and any treatment he personally observed. Additionally, any other lay witnesses who observed plaintiff (and who have been disclosed as percipient witnesses) may also provide testimony about observations of plaintiff's condition and how it has affected his activities. However, plaintiff (or any of plaintiff's other witness) may not testify with respect to diagnosis, prognosis, medical opinions or medical inferences because those opinions require specialized knowledge. If a witness's testimony ventures into what defendants believe to be specialized knowledge, they may object to the testimony when the witness offers it at trial.

With respect to causation, absent a full record, the court does not have enough information to be able to determine whether particular injuries plaintiff suffered were of the type to flow naturally and obviously from the alleged constitutional violations. To the extent that plaintiff's testimony ventures in specialized knowledge, defendants may object to the testimony when it is offered at trial. The court reserves the right to revisit this ruling depending on the evidence adduced at trial regarding causation.

**B. Plaintiff's reference to "being beat up"**

Defendants request that the court prevent plaintiff from characterizing the contact with the officers as being beat up because it is inaccurate, it is more prejudicial than probative, and it is argumentative.

This motion is DENIED. Defendants may cross-examine plaintiff about the characterization. Additionally, the characterization is not prejudicial where defendants

presumably have their own witnesses that can testify with respect to what occurred and the force used.

**C. Reference to Insurance or the Risk Pool**

Plaintiff does not object to the exclusion of testimony regarding the risk pool. Plaintiff does indicate that he intends to admit evidence that Renton is responsible for and will pay any damages assessed by the jury based on the conduct of individual officer to show proof of agency, ownership and/or control, or bias or prejudice of a witness (addressed in plaintiff's motion below).

FRE 411 prohibits evidence that a person was or was not insured against liability to prove whether the person acted negligently or otherwise wrongfully. To the extent any reference to insurance or risk pool is used to prove that defendants acted wrongfully, the motion is GRANTED.

**D. The fact that the motion *in limine* has been filed**

Plaintiff does not object. This motion is GRANTED.

**E. Settlement Discussions**

Plaintiff does not object. This motion is GRANTED.

## II. PLAINTIFF'S MOTIONS *IN LIMINE*

As a preliminary matter, in defendants' response to plaintiff's motions, they request clarification with respect to the court's May 23, 2013 order (Dkt. # 54). Dkt. # 62 at 2 n.1. The May 23, 2013 order clearly states that "Plaintiff's claims against defendant Hisel in his individual capacity are DISMISSED." Dkt. # 54 at 3. Accordingly, claims against Hisel in his official capacity are not dismissed. Minimal research on the court's part quickly revealed that official capacity suits are another way of pleading an action against the entity for which an officer is an agent, and that it is not a case against the official personally. *Bender v. Williamsport Area School District*, 475 U.S. 534, 544

(1986).  It is unclear to the court in what respect defendants need clarification.  If defendants' confusion persists, they shall raise the specific issue with the court only after they have thoroughly conducted research.

**1. To exclude any claim, assertion, statement, evidence or argument by defendants or witnesses asserting that defendants had probable cause to arrest Walker.**

This motion appears to have two parts: (1) to exclude expert testimony regarding probable cause, and (2) to exclude officer testimony regarding probable cause.

FRE 704(a) permits opinion testimony that embraces an ultimate issue to be decided by the trier of fact.  FRE 704(a); *United States v. Kinsey*, 843 F.2d 383, 388 (9th Cir. 1988), *overruled on other grounds by, United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000).  "An ultimate issue opinion by a properly qualified expert should not be excluded except in the extreme case where the expert's opinion is inherently misleading or unfairly prejudicial." *Kinsey*, 843 F.2d at 389.  Additionally, the Ninth Circuit has generally allowed expert testimony regarding the appropriateness of police conduct. *See e.g. Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005) (holding that rational jury could rely on expert testimony regarding applicable police standards and training to opine regarding appropriate conduct police should have taken).  "That said, an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.  Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Nationwide Transport Finance v. Cass Info. Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).

Here, defendants have identified Thomas Owens as a police practices expert, and he may opine regarding police practices and the appropriateness of defendants' conduct.  However, he may not express his opinion in terms of whether the officers had "probable cause to arrest" plaintiff.  That is an impermissible legal conclusion.

With respect to the officer's subjective belief that they had probable cause to arrest plaintiff, subjective intentions and motivations play no role in ordinary, probable cause Fourth Amendment analysis. *Whren v. United States*, 517 U.S. 805, 813 (1996); *see also Ochana v. Flores*, 347 F.3d 266, 272 (7th Cir. 2003)[1] ("It is well established that an arresting officer's personal knowledge of facts sufficient to constitute probable cause is significant, but an arresting officer's subjective beliefs are not relevant.") (citing *Whren,* 517 U.S. at 813).

Accordingly, this motion is GRANTED to the extent the officers intend to provide testimony that they "believed they had probable cause to arrest," but DENIED to the extent they intend to provide the facts and circumstances within their personal knowledge leading up to and surrounding the arrest.

**2. To exclude testimony that witness believes force used was "reasonable"**

Expert witnesses may not testify as to a legal conclusion. *See discussion supra; Nationwide Transport*, 523 F.3d at 1058. Additionally, an officer's subjective belief in the reasonableness of the force used is irrelevant because the standard is objective reasonableness. *See discussion supra; Graham v. Connor*, 490 U.S. 386, 397 (1989) (reasonableness inquiry is objective).

Accordingly, defendants' expert may not provide legal conclusions that the officers' use of force was reasonable. He may comment regarding whether it was appropriate or consistent with police practices. Additionally, officers may not testify with respect to their subjective belief that the use of force was reasonable.

This motion is GRANTED to the extent stated.

---

[1] The court has cited to the Seventh Circuit, not for precedential purposes, but to make this point: Defendants cited to the district court *Ochana* case and noted that it was affirmed, without pointing out the fact that the Seventh Circuit specifically found that the district court erred for the very proposition for which they quoted the district court.

ORDER- 6

### 3. To exclude defendants' expert SPT Sgt. Ovens' testimony

Plaintiff moves to exclude expert testimony based on the issues raised and decided above (legal conclusions as to probable cause and reasonableness of use of force) as well as because police practices and training "have nothing to do with this case" and are "irrelevant."

Plaintiff has failed to provide the court with a legal basis to exclude the expert testimony. Police practices experts are routinely used in section 1983 cases.

With respect to the new grounds not addressed above, this motion is DENIED.

### 4. To exclude any claims of good conduct or character evidence on part of officer.

Plaintiff argues that this motion is brought as a precaution, and that no claims of good conduct or character evidence is known. Defendants request the court to reserve ruling until trial to see if plaintiff attacks Officer Tolliver's character in any fashion.

Since no character evidence is known at this time, the court DENIES this motion as MOOT. The parties may raise objections during trial.

### 5. To exclude domestic history of Mr. Walker and Andrea Zech before or after the incident as irrelevant. FRE 402, 403, 404(b).

Plaintiff has not provided the court with any detail regarding what "domestic history" he wishes to be excluded. Defendants argue that the "domestic history" of Zech and plaintiff is relevant because it shows bias on her part. To the extent that the evidence would demonstrate that Zech loved Mr. Walker, that would tend to demonstrate bias, and a limiting instruction would be appropriate regarding FRE 404(b). The parties are ORDERED to submit a proposed limiting instruction no later than close of business August 2, 2013. However, because plaintiff has not identified what about the relationship he wants to exclude, the court cannot make the determination in a vacuum. Additionally, with respect to demonstrating "fear," as defendants argue, it appears that a number of statements that would support such a position may be considered hearsay. The court

ORDER- 7

notes that the onus is on the parties to object to any potential hearsay statements when the witness offers them at trial.

This motion is DENIED.

**6. To exclude testimony about Mr. Walker's email to Ms. Zech regarding her deposition scheduling and dropping the case as irrelevant. FRE 402, 403, 404(b).**

Plaintiff sent Ms. Zech a text message before her deposition that he was "calling off the case against the police" so that she did not have to testify. Defendants argue that the text message is relevant because it shows plaintiff's state of mind or "guilty knowledge" with respect to the underlying incident. Defendants cite to a Second Circuit and two Fifth Circuit cases that were criminal cases involving witness tampering to support their argument. Those cases are irrelevant. To the court's knowledge, no Ninth Circuit court has adopted a "guilty knowledge" theory. Defendants have not directed the court to any relevant legal authority in the proper jurisdiction, or provided the court with actual evidence of witness tampering. The court cannot speculate as to Mr. Walker's intent.

This motion is GRANTED.

**7. To admit evidence that the city is responsible for and will pay any damages assessed by the jury based on conduct of the individual officer to show proof of agency, ownership and/or control, or bias or prejudice of witness.**

Defendants do not dispute proof of agency, ownership and/or control. The court DIRECTS the parties to meet and confer regarding stipulating to that fact. If the parties agree to the stipulated fact, they should submit a proposed stipulation of facts including this fact, and any other stipulated facts, for the court's approval.

The court finds that the potential prejudice significantly outweighs any likely probative value of such evidence, especially considering that defendants do not dispute agency, ownership and/or control. Additionally, plaintiff has not demonstrated how the evidence is relevant to demonstrate bias or prejudice of any witness.

This motion is DENIED, but may be revisited if defendants refuse to stipulate to agency, ownership and/or control.

### III. CONCLUSION

Finally, the court is concerned with the quality of briefing by both parties. The court expects the parties to conduct adequate legal research, to provide citations to *relevant* legal authority, and not to misquote legal authority. This observation shall serve as an order of the court for purposes of Local Rules W.D. Wash. CR 11(c). To the extent either party files another brief that requires citation to legal authority, the court reserves the right to strike, disregard or deny any portion of the brief that provides inadequate or incorrect legal authority as an appropriate sanction.

Dated this 31st day of July, 2013.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge